**In re CENTRAL WEST PUBLIC SERVICE CO.**

**No. 1067.**

District Court, D. Delaware.

Nov. 29, 1935.

Marvel, Morford, Ward & Logan, of Wilmington, Del., for trustees.

NIELDS, District Judge.

This is a petition for instructions by the trustees of Central West Public Service Company, debtor, in proceedings for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). In their petition the trustees pray the court to "determine the constitutionality of said Public Utility Holding Company Act of 1935 [15 U.S.C.A. § 79 et seq.], and based upon such determination issue proper instructions to your petitioners to guide them in performing their duties."

The debtor operated public utility properties in Iowa, Minnesota, South Dakota, and Texas, and owned stock in other corporations engaged in the public utility business in Iowa, Illinois, Nebraska, North Carolina, North Dakota, Virginia, and West Virginia. The book value of the assets of the debtor, as of June 8, 1934, was $24,139,094.96. Upon their appointment title to all the assets of the debtor passed to the trustees. They have managed and operated the business and affairs of the debtor, exercising all the powers of trustees appointed pursuant to section 44 of the Bankruptcy Act (11 U.S.C.A. § 72) and also the same powers as those exercised by receivers in equity to the extent consistent with section 77B. In due course a plan of reorganization was filed in these proceedings and promulgated by a reorganization committee. By the terms of the Public Utility Holding Company Act of 1935 (15 U.S.C.A. § 79 et seq.), the debtor as well as the trustees are subject to registration thereunder. In the petition of the trustees it is represented that the trustees by such registration will surrender to the Securities and Exchange Commission, provided for in said act, jurisdiction over the assets and affairs of the debtor and over the trustees and substantially surrender to ·

the commission the power to operate, administer, and manage the properties of the debtor and of its subsidiaries. It is further represented that the plan of reorganization that has been filed is in conflict with the Public Utility Act and cannot be consummated or carried out on account of prohibitions contained in the act. Further, that any expenditures such as the court has heretofore authorized and directed to be made looking to the consummation of a plan of reorganization will amount to waste of assets of the estate.

Assuming the truth of the foregoing representations, it is obvious that the constitutionality of the act should be promptly determined. Can this determination be made upon this ex parte petition of the trustees for instructions?

Trustees under section 77B, like other trustees under certain circumstances, are entitled to apply to the court for instructions as to the administration of their trust. They may be entitled to instructions respecting such matters as the proper interpretation of section 77B and the extent of their powers and duties thereunder. But, where the petition for instructions challenges the constitutionality of an act of Congress and the power and existence of a governmental commission created thereunder, a very different question is presented. Far more than instructions as to the administration of a trust is asked for. A body created by an act of Congress is sought to be destroyed and stripped of its powers without being a party to the proceeding and without having its day in court. Such a course violates accepted canons of legal procedure.

Accordingly, the petition for instructions must be dismissed.